# Exhibit A

## SUMMONS

Attorney(s) JONATHAN REICH, PRO SE

Office Address  7210 136TH ST.

Town, State, Zip Code  FLUSHING, NY 11367

Telephone Number

Attorney(s) for Plaintiff

JONATHAN REICH

Plaintiff(s)

vs.

MEIR SIMCHA COHEN, TELTECH

SYSTEMS, & SPOOFCARD LLC

Defendant(s)

**Superior Court of New Jersey**

Middlesex  County

LAW  Division

Docket No:

**CIVIL ACTION SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court. Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

_____
Clerk of the Superior Court

DATED:  10/10/2021

Name of Defendant to Be Served:  MEIR SIMCHA COHEN

Address of Defendant to Be Served:  446 Harrison Avenue, Highland Park, New Jersey 08904

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

JONATHAN REICH
PLAINTIFF PRO SE
7210 136TH ST.
FLUSHING, NY 11367

```
-----------------------------------------------X
JONATHAN REICH                      :
          Plaintiff                 :
-against-                           :
MEIR SIMCHA COHEN, TELTECH          :
SYSTEMS, and SPOOFCARD LLC          :
          Defendants                :
----------------------------------------------- X
```

SUPERIOR COURT OF NEW JERSEY

LAW DIVISION: MIDDLESEX COUNTY

DOCKET NO.

**Certification Notice of Other Actions and Potentially Liable Persons Pursuant to**

**N.J. Court Rule 4:5-1(2)**

1. The matter in controversy is not the subject of any other action pending in any court or of a

pending arbitration proceeding.

2. Plaintiff anticipates adding the following parties:

- **Jessica Thorne** - A Teltech Systems Employee with possible direct involvement in the matter in controversy; Address Unknown
- **Any other parties who might have been involved pending further discovery from Defendants**

Respectfully submitted,

Jonathan Reich, Plaintiff Pro Se
7210 136th St.
Flushing, NY 11367

Dated: 10/16/2021

JONATHAN REICH
PLAINTIFF PRO SE
7210 136TH ST.
FLUSHING, NY 11367

-------------------------------------------------X

| | | |
|---|---|---|
| JONATHAN REICH | : | SUPERIOR COURT OF NEW JERSEY |
| | : | LAW DIVISION: MIDDLESEX COUNTY |
| Plaintiff | : | DOCKET NO. |
| | : | |
| -against- | : | **COMPLAINT** |
| | : | |
| MEIR SIMCHA COHEN, TELTECH | : | **DEMAND FOR JURY TRIAL** |
| SYSTEMS, and SPOOFCARD LLC | : | |
| | : | |
| Defendants | : | |

------------------------------------------------- X

JONATHAN REICH ("Plaintiff") as and for his Complaint against and MEIR SIMCHA

COHEN, TELTECH SYSTEMS, and SPOOFCARD LLC ("Defendants") alleges as follows:

### **PARTIES**

1. PLAINTIFF JONATHAN REICH is a natural person, and resident of Queens County, New

   York.

2. DEFENDANT MEIR SIMCHA COHEN is a natural person, and the Chief Executive

   Officer and Co-Founder of Teltech Systems and Spoofcard LLC, with an address located

   at 446 Harrison Avenue, Highland Park, New Jersey 08904, in Middlesex County.

3.  DEFENDANT TELTECH SYSTEMS is a telecommunications and application development company based in South Amboy, New Jersey operated by Cohen, with an office located at 101 S Broadway, South Amboy, New Jersey 08879, in Middlesex County.

4.  DEFENDANT SPOOFCARD LLC is a subsidiary of Teltech Systems, with an office located at 101 S Broadway, South Amboy, New Jersey 08879, in Middlesex County.

## JURISDICTION & VENUE

5.  The basis of venue is designated by Defendants addresses in Middlesex County, New Jersey.   The New Jersey Superior Court, Middlesex County, retains subject matter jurisdiction of this Complaint.

## BACKGROUND

6.  Teltech Systems ("Teltech") maintains a telephone service platform that provides telecom services to the public.

7.  Teltech provides a range of services usually used via mobile applications.

8.  Teltech's platform has an account-based infrastructure that allows members of the public to register for and use the service.

9.  Teltech offers their services to the public on the website "spoofcard.com."  (See URL https://spoofcard.com)

10. Teltech also offers its services to the public through mobile telephone applications offered on the Apple, Inc. App Store and the Google Play Store.

11. Teltech's platform features include calling, recording calls, and other features meant to protect a customer's privacy.

12. Teltech has a duty to properly protect and secure all account holders' information and digital files, pursuant to State and Federal law. (See Electronic Communications Privacy Act (ECPA), the Stored Communications Act (SCA), and 18 U.S. Code § 2703 and 2518)

13. Therefore, Teltech should have strict guidelines and procedures for disclosing a user's information to anyone, including law enforcement agencies and lawyers.

14. However, Teltech failed to properly secure and guard Plaintiff's private account data, recklessly handled Plaintiff's digital files, and failed to abide by their advertised policy and the rule of law by facilitating the unauthorized release of Plaintiff's account information.

## **NATURE OF THE CASE**

15. Teltech is a telecommunications service provider to the public.

16. Teltech offers several telephone calling features such as telephone call recording, digital storage of recordings, and other features.

17. Plaintiff reasonably relied on publicized representations made by Defendants about the security and privacy of their platform.

18. However, the Defendants failed to comply with their advertised rules and policies and failed to comply with Federal and New Jersey laws.

19. Defendants' initial deception of Plaintiff and their subsequent careless conduct caused extensive damages to Plaintiff.

20. Pursuant to the Federal Electronic Communications Privacy Act (ECPA), the Stored Communications Act (SCA), and 18 U.S. Code § 2703 and 2518, and Federal Communication Commission (FCC) guidelines, Teltech Systems is required to protect a user's privacy, and protect a user's data and stored electronic files.

21. Teltech is required to operate its business entities within the confines of the laws of the United States of America.

22. The law requires strict compliance with a "communications warrant" before an innocent customer's private information is provided to a third-party entity or any law enforcement agency.

23. TelTech cannot turn over telephone call recordings and other information such as telephone call metadata, without a "communications warrant".

24. Defendants blatantly disregarded the law and illegally disclosed Plaintiff's stored communications, digital files, account data, and other information to unauthorized third-party entities.

25. The word 'privacy' is defined as "the quality or state of being apart from company or observation" and "freedom from unauthorized intrusion".[1]

---

[1] Privacy (Definition) - https://www.merriam-webster.com/dictionary/privacy

26. Teltech's publicly available advertising materials show the theme of 'privacy' in the headline for a Spoofcard promotional image that states, *"Protect Your Privacy,"* and *"Call & text from a secondary number to protect your personal information and privacy."*

    **See** Exhibit 1.

    Another TelTech advertising promotional image reads, *"KEEP YOUR NUMBER PROTECTED."*

    **See** Exhibit 2.

27. Another TelTech advertising promotional image reads, *"Trusted By Over 6 Million People,"* and *"Our customers love SpoofCard for protecting their privacy on all calls & texts. Get started today!"*

    **See** Exhibit 3.

28. Defendants failed to follow the law, failed to adhere to their advertised rules and policies, and carelessly and recklessly allowed third parties to access all available data from Plaintiff's account holding digital files, stored communications, and telephone records.

29. Teltech released information about the customer with no subpoena or court order in violation of Plaintiff's right to privacy.

30. TelTech transmitted the customer's entire digital file to third-party entities with complete disregard for their customer's privacy.

31. Defendants displayed complete disregard for Plaintiff's privacy in violation of Plaintiff's right to privacy.

32. Plaintiff expected Defendants to operate within the confines of the law, and their advertised rules and policies, but they did not and appear to have wrongly turned over several calendar years worth of private account information and digital media files.

33. Defendants illegally released Plaintiff's entire account file to third-party entities.

34. According to Defendants' website, *"We fully cooperate with police and lawyers. However, to protect our users, all requests for personal information must be accompanied with: A Subpoena - Phone Number - Approx Time Called."*
**See** Exhibit 4.

35. Teltech has publicly stated that their services are "not just for pranks!" Teltech has indicated that "With the option to record calls, documenting interviews, conversations, and meetings are a breeze! And not to mention economical!"
**See** Exhibit 5.

36. A regular person would understand based on Teltech's policies that police and lawyers are treated equally.

37. A regular person would reasonably understand from Teltech's procedure that the company cooperates with (1) police and (2) lawyers, and that three items must be provided, a subpoena, phone number, and approximate time called."

38. Still, both those specific entities must provide a subpoena, a phone number, and approximate time called. Blanket personal data dumps are not allowed.

39. The word "cooperate" means "To act or work with another or others" and "to associate with another or others for mutual benefit."[2]

40. However, in this case Teltech was very uncooperative and engaged in obstruction of justice.

41. According to law and Defendants' advertised rules and policies, all the information they may release would be isolated to specific dates and times.

42. For example, a telephone company could have a customer for twenty (20) years and potentially retain twenty years of digital files. Still, the requester may only obtain data for the specific dates and times asked.

43. If a police department comes to Teltech, supposedly all the information that has the potential to be released, would be isolated to specific dates and times.

44. Furthermore, Teltech's advertised policies dictate that the production of customer files and information would only be with a subpoena.

45. Therefore, should a police department, lawyer, or individual request or demand customer files and information production from Teltech, its advertised rules and policies, and State

---

[2] Cooperate (Definition) - https://www.merriam-webster.com/dictionary/cooperate

and Federal law dictate that Teltech may comply if the requester or demander provides a lawful subpoena for such material.

46. However, Teltech violated its rules, policies, and State and Federal law by producing Plaintiff's information without obtaining a legal subpoena and in a reckless manner released a full account worth on private information, without any legal authority.

47. Plaintiff was a customer of Teltech, relied on Teltech's advertising, and reasonably expected the advertised policies to be followed.

48. Upon information and belief, Defendants were reckless and irresponsible with Plaintiff's account, data, and stored communication records and files.

49. Teltech's confidentiality policies were NOT adhered to by its own staff, and a large folder of information was illegally disseminated to third-party entities ultimately causing great harm and severe damages to Plaintiff.

50. Defendants failed to properly safeguard Plaintiff's stored communications and digital media files in their possession and control, violating their fiduciary duty to care for Plaintiff's digital files and account data.

51. Multiple times in November and December of 2015, Plaintiff's attorney at the time, Christopher David Grotz, Esq., politely requested information about the release of data from Defendants.

52. Without explanation and in direct contradiction with their advertised policies, Defendants immediately 'lawyered up,' and suspiciously, failed to cooperate with Attorney Grotz.

53. Defendants refused to communicate with Attorney Grotz, or address any of the simple questions and concerns he posed to them in writing.

    **See** Exhibit 6.

54. On or about November 1, 2015, Defendants hired a Kensington, Maryland based-attorney, Mark Del Bianco, to respond to Attorney Grotz.

55. Attorney Del Bianco is licensed in Maryland and the District of Columbia, but does not appear to be licensed to practice law in New Jersey, where Teltech's offices are located. Attorney Del Bianco also does not appear to be licensed in Connecticut, where Attorney Grotz was located.

56. In emails sent by Del Bianco to Attorney Grotz, the office is listed as "Law Office of Mark C. Del Bianco."

57. It appears that Attorney Del Bianco's representation was illegal since he was not admitted to practice law in Connecticut, pursuant to Connecticut General Statutes § 51-88 (2012) and Connecticut Rule of Professional Conduct 5.5.

58. Furthermore, it appears that Attorney Del Bianco's representation was illegal since he was not admitted to practice law in New Jersey, pursuant to New Jersey Statutes (N.J.S.A.) § 2C:21-22 and New Jersey Rule of Professional Conduct 5.5.

59. Teltech and their out-of-state counsel, suspiciously, refused to cooperate or with Attorney Grotz.  Defendants behaved in an unprofessional, uncooperative, and obstructive manner with Attorney Grotz.

60. Plaintiff was severely and substantially damaged by Defendants' wrongful and deceptive conduct.

## <u>COUNT ONE</u>
### (Violations of the Electronic Communications Privacy Act & Stored Communications Act)

61. Paragraphs 1-60 are restated and incorporated as if set forth herein.

62. The Fourth Amendment to the U.S. Constitution protects the people's right to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.  The application of this is to information stored online including telephone communications and other digital information files.

63. The Stored Communications Act ("SCA") is a law that addresses voluntary and compelled disclosure of stored wire and electronic communications and transactional records held by third-party telecommunication service providers.  The SCA was enacted as Title II of the Electronic Communications Privacy Act ("ECPA").

64. The SCA is directed to disclosure of communication information by providers of electronic communications ("providers"). Section 2703(a) covers the circumstances in which a governmental entity may require providers to disclose the contents of wire or electronic

communications in electronic storage; section 2703(b) covers the circumstances in which

a governmental entity may require providers to disclose the contents of wire or electronic

communications held by a remote computing service.

65. **18 U.S.C. § 2703(c)(1)** of the SCA provides:

(c) Records concerning electronic communication service or remote computing service. — (1) A governmental entity may require a provider of electronic communication service or remote computing service to disclose a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications) only when the governmental entity___

(A) obtains a warrant issued using the procedures described in the Federal Rules of Criminal Procedure (or, in the case of a State court, issued using State warrant procedures) by a court of competent jurisdiction;

(B) obtains a court order for such disclosure under subsection (d) of this section;

(C) has the consent of the subscriber or customer to such disclosure;

(D) submits a formal written request relevant to a law enforcement investigation concerning telemarketing fraud for the name, address, and place of business of a subscriber or customer of such provider, which subscriber or customer is engaged in telemarketing (as such term is defined in section 2325 of this title); or

(E) seeks information under paragraph (2).

66. **Subsection (2) of § 2703(c)** provides:

(2) A provider of electronic communication service or remote computing service shall disclose to a governmental entity the —

(A) name;

(B) address;

(C) local and long distance telephone connection records, or records of session times and durations;

(D) length of service (including start date) and types of service utilized;

(E) telephone or instrument number or other subscriber number or identity, including any temporarily assigned network address; and

(F) means and source of payment for such service (including any credit card or bank account number), of a subscriber to or customer of such service. . . .

67. Defendants maintain an electronic system that stores data from client accounts, including stored communication files.

68. Upon information and belief, unknown individuals obtained access to all of Plaintiff's stored communications, data, metadata, and account records in Defendants' custody and control.

69. Upon information and belief, Defendants did not obtain either a warrant under §2703(c)(1)(A), or a subpoena under § 2703(c)(2), nor did Defendants secure the consent of the subscriber under § 2703(c)(1)(B).

70. Upon information and belief, Defendants, with wanton and reckless disregard, illegally disclosed excessive amounts of Plaintiff's stored communications to third-party entities without a subpoena, or otherwise, legal authority or authorization.

71. Upon information and belief, Defendants illegally prevented Plaintiff's authorized access to electronic communication files belonging to Plaintiff, while the files were electronically stored in Defendants' system.

72. Defendants have continued to illegally prevent Plaintiff from accessing his account files, stored communication records, data, and information since December of 2015, leading to this action and the subsequent demands for equitable relief.

## COUNT TWO
### (New Jersey's Consumer Fraud Act)

73. Paragraphs 1-72 are restated and incorporated as if set forth fully herein.

74. The New Jersey Consumer Fraud Act ("CFA") was enacted to protect consumers against unconscionable and fraudulent practices, deception, fraud, false pretenses, false promises, misrepresentations, or the knowing, concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice." N.J.S.A. § 56:8-2.

75. Defendants are in violation of the CFA for willfully and knowingly deceiving Plaintiff's attorney, Christopher David Grotz, Esq., ultimately preventing him from accessing information stored within their system, that rightfully belong to Plaintiff.

76. Furthermore, this critical information could have exonerated Attorney Grotz's client.

77. Defendants failed to adequately protect and manage Plaintiff's electronic and stored media files maintained on Teltech's system.

## **COUNT THREE**
**(False Advertising)**

78. Paragraphs 1-77 are restated and incorporated as if set forth fully herein.

79. Defendants engaged in false advertising by advertising certain policies relating to disclosures of digital media files to third-party entities and failing to abide by the law and their own policies. (N.J.S.A. § 56:8-2.)

## **COUNT FOUR**
**(Breach of Contract)**

80. Paragraphs 1-79 are restated and incorporated as if set forth fully herein.

81. Defendants violated their customer's privacy and trust.  When confronted with the facts by Plaintiff's attorney, Attorney Grotz, Defendants chose to attempt to cover-up their wrongdoing, and hide information about what occurred.  Defendants breached their terms of service agreement with Plaintiff.

82. Defendants are the direct and proximate causation of extensive damages and harm to Plaintiff.

## **PRAYER FOR RELIEF**

**WHEREFORE** Plaintiff, JONATHAN REICH, prays that the Court enter judgment in his favor and against Defendants, MEIR SIMCHA COHEN, TELTECH SYSTEMS, and SPOOFCARD LLC, for the following relief:

A. A declaratory judgement that the actions, conduct and practices of Defendants complained of herein violate the laws of the United States of America, the State of New Jersey and the County of Middlesex;

B. An Order for Defendants to return all digital files and records in their control related to Plaintiff's account.

C. An award of damages against Defendants, in an amount to be determined at trial, plus interest, to compensate Plaintiff for all monetary and/or economic damages;

D. An award of damages against Defendants, in an amount to be determined at trial, plus interest, to compensate for all non-monetary and/or compensatory damages

E. An award of punitive damages in an amount to be determined at trial;

F. Prejudgment interest on all amounts due;

G. An award of any legal costs and/or Plaintiff's attorneys' fees and costs; and

H. Such other and further relief as the Court may deem just, equitable, and proper.

## **JURY DEMAND**

The plaintiff demands trial by a jury on all of the triable issues of this complaint, pursuant to New Jersey Court Rules 1:8-2(b) and 4:35-1(a).

Respectfully submitted,

SWORN TO BEFORE ME

THIS ___16th___ DAY OF OCTOBER, 2021.

Jonathan Reich
Plaintiff
7210 136th St.
Flushing, NY 11367

Notary Public

Dated: 10/16/2021

DAVID REICH
Notary Public, State of New York
Registration No. 02RE4989171
Qualified in Queens County
Commission Expires February 15, 202_

Page 15 of 15

# EXHIBIT 1



# EXHIBIT 2



**EXHIBIT 3**



**EXHIBIT 4**



⟳  🔒  https://www.spoofcard.com/legal                    ▤  ☆

SpoofCard          Features    Buy Credits    Get Our App    Support    Login    **GET STARTED**

Problems? We can help.        [ Live Support Help ]        Live Chat support is available:
                                                            Monday - Friday.

# Contact Us

We encourage all users to act responsibly and considerately. In the occassion that a user does violate a law, we are fully open and compliant with local and national authorities. Please contact us with the request for information.

The legal department will only respond to attorneys or law enforcement. For other inquiries, please visit our Contact Us page

### Spoofcard Legal Form

**Contact Name** *

**Contact Email Address** *

**Contact Phone Number** *
### — ### — ####

**Agency** *

**Select a Choice**
Purpose of Inquiry ▾

**Numbers being called/texted or displayed on the Caller ID (separate by comma)** *

**Start Date for Calls/Text**
/ / 📅
MM    DD    YYYY

**End Date for Calls/Text**
/ / 📅
MM    DD    YYYY

**Your Message**

[ Submit ]


**Full Cooperation with Law Enforcement**

We fully cooperate with police and lawyers. However, to protect our users, all requests for personal information must be accompanied with:


A Subpoena    Phone Number    Approx Time Called

# FAQs

How long will it take to receive a response to our complaint?

What information do I need to provide?

How are cases handled?

Is SpoofCard legal?

# EXHIBIT 5

 **SpoofCard**
July 15, 2013 · 🌐

SpoofCard is not just for pranks! With the option to record calls, documenting interviews, conversations and meetings are a breeze! And not to mention, economical!



👍 4                    1 Share

# EXHIBIT 6

TelTech Systems

101 S. Broadway St.

South Amboy, NJ 08879

To Whom It May Concern:

I am contacting you in regards to a phone conversation and event involving my client, and one of your customers, Jonathan Reich. I'm writing to your company as a courtesy to request information as to whom within the Avon Police Department contacted your legal department on or about February 6, 2013. In support of this pending case, I am requesting a copy of any and all subpoenas/ex-parte documents regarding this customer and TelTech (Spoofcard) account. I would like receipt confirmation/documentation of when and to whom was provided with this information.

The individual in question was Lead Legal Department Associate Jessica Thorne. The reason for this inquiry is in support of a criminal investigation into the means of supposed evidence obtained within my client's case. I would also request confirmation as to the method the Avon Police Department identified themselves to your legal department, including date/time/transmission type of legal identification. According to your company's policy: "We fully cooperate with police and lawyers. However, to protect our users, all requests for personal information must be accompanied with: A Subpoena Phone Number Approx Time Called"

Please include copies of digital recordings of all phone calls/emails from Detective Jason Reid or other officers with TelTech staff.

I look forward to hearing from your company and would greatly appreciate a response via certified mail within 10 business days.

 **Gmail**

J R <jonoreich@gmail.com>

## FW: Your letter re Jonathan Reich and the Avon Police Department

**Chris Grotz** <local24lawyer@hotmail.com>                                         Mon, Nov 2, 2015 at 2:08 PM
To: Jonathan Reich <jonoreich@gmail.com>

---

Date: Mon, 2 Nov 2015 19:05:46 +0000
From: mark@markdelbianco.com
To: local24lawyer@hotmail.com
Subject: Your letter re Jonathan Reich and the Avon Police Department

Mr. Grotz:

This serves to confirm our recent conversation in which I told you that my client, TelTech Systems, Inc., would be willing to provide information about the use by your client, Jonathan Reich, of the SpoofCard service. Such disclosure, however, will only come pursuant to a valid subpoena issued by a court.

Please call me if you have any questions.

Mark Del Bianco

**Law for the Digital Age**
Communications  *  Cloud Services  * UAS

Mark Del Bianco
CIPP/US

Law Office of Mark C. Del Bianco
3929 Washington St.
Kensington, MD 20895
m:+1.301.602.5892

www.markdelbianco.com
Skype: markdelbianco9008
Twitter: markdelb

*********************************************************
This e-mail and any attachments hereto are intended only for use by the named addressee(s) and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this email or any attachments is strictly prohibited. If you receive this email in error, please immediately notify me at (301) 602-5892 and permanently delete the original and any copy (electronic or printed) of any e-mail or attachment.

 Gmail

J R <jonoreich@gmail.com>

---

## FW: Your letter re Jonathan Reich and the Avon Police Department

**Chris Grotz** <local24lawyer@hotmail.com>                                                                 Mon, Dec 7, 2015 at 2:16 PM
To: Jonathan Reich <jonoreich@gmail.com>

---

Date: Mon, 7 Dec 2015 19:04:07 +0000
From: mark@markdelbianco.com
To: local24lawyer@hotmail.com
Subject: Re: Your letter re Jonathan Reich and the Avon Police Department

Mr. Grotz:

I am informed by my client, TelTech Systems, Inc., that you have sent another letter requesting information about your client and the Avon Police Department. As we discussed and I confirmed in the email below over a month ago, TelTech will only provide the requested information in response to a valid subpoena. Please contact me at 301-602-5892 if you have any questions.

Mark Del Bianco
Counsel to TelTech

---

**From:** Mark Del Bianco <mark@markdelbianco.com>
**To:** "local24lawyer@hotmail.com" <local24lawyer@hotmail.com>
**Sent:** Monday, November 2, 2015 2:05 PM
**Subject:** Your letter re Jonathan Reich and the Avon Police Department

[Quoted text hidden]



**A1MESSENGERS.COM**

4 Phyliss Road, Freehold, NJ 07728
P 732.431.9112 | F 732.431.9117
info@a1messengerservice.com

# Invoice

| DATE | INVOICE NO. |
|------|-------------|
| 10/15/2021 | 610730 |

Proof Serve
1800 Gaylord Street
Denver, CO 80206

RE: Degregorio

| | TERMS |
|--|-------|
| | |

| DESCRIPTION | AMOUNT |
|-------------|--------|
| Served Summons and Complaint for Michael DeGregorio - Manalapan, NJ | 50.00 |
| Immediate Service requested | 25.00 |

Thank you for choosing A-1

| | |
|--|--|
| **Total** | $75.00 |
| **Payments/Credits** | -$75.00 |
| **Balance Due** | $0.00 |

**YOUR DELIVERY. OUR PRIORITY.**

**College Ave Student Loans**

*Creditor*

Acct No.: 360003594362

**VICTORIA R GARCIA**

*Debtor*

## Affidavit of Service

I, Peter Bogdan, being duly sworn, state:

I, Peter Bogdan, declare under penalty of perjury that the following is true and correct: At the time of service, I was a competent adult not having a direct interest in the litigation.

I served the following documents on VICTORIA R GARCIA in Monmouth County, NJ on October 25, 2021 at 3:45 pm at 50 PINE CREEK VILLIAGE, HAZLET, NJ 07730 by personal service by handing the following documents to an individual identified as VICTORIA R GARCIA.

Past Due Notice

Additional Description:
I delivered the documents to Victoria R. Garcia.

Hispanic or Latino Female, est. age 20, glasses: N, Black hair, 160 lbs to 180 lbs, 5' 3" to 5' 6".

I DECLARE UNDER PENALTY OF PERJURY THAT THE FACTS HEREIN ARE TRUE AND CORRECT.

Executed in _Monmouth Count_ _New Jersey_ on _10/27/21_.

Signature
Peter Bogdan
(800) 698-9112

**College Ave Student Loans**

*Creditor*

Acct No.: 360003594362

**VICTORIA R GARCIA**

*Debtor*

## <u>Affidavit of Service</u>

I, Peter Bogdan, being duly sworn, state:

I, Peter Bogdan, declare under penalty of perjury that the following is true and correct: At the time of service, I was a competent adult not having a direct interest in the litigation.

I served the following documents on VICTORIA R GARCIA in Monmouth County, NJ on October 25, 2021 at 3:45 pm at 50 PINE CREEK VILLIAGE, HAZLET, NJ 07730 by personal service by handing the following documents to an individual identified as VICTORIA R GARCIA.

Past Due Notice

Additional Description:
I delivered the documents to Victoria R. Garcia.

Hispanic or Latino Female, est. age 20, glasses: N, Black hair, 160 lbs to 180 lbs, 5' 3" to 5' 6".

I DECLARE UNDER PENALTY OF PERJURY THAT THE FACTS HEREIN ARE TRUE AND CORRECT.

Executed in _____,

_____ on _____.

_____
Signature
Peter Bogdan
(800) 698-9112

MIDDLESEX VICINAGE CIVIL DIVISION
P O BOX 2633
56 PATERSON STREET
NEW BRUNSWICK     NJ 08903-2633

                                    TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (732) 645-4300
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:  OCTOBER 21, 2021
                    RE:    REICH JONATHAN  VS COHEN MEIR
                    DOCKET: MID L -006130 21

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS  300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON BRIAN M. ENGLISH

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     002
AT:  (732) 645-4300 EXT 88373.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:

                         JONATHAN REICH
                         7210 136TH ST
                         FLUSHING        NY 11367


JUMKUL0

# Civil Case Information Statement
## (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

| For Use by Clerk's Office Only |
|---|
| Payment type: ☐ ck ☐ cg ☐ ca |
| Chg/Ck Number: |
| Amount: |
| Overpayment: |
| Batch Number: |

| Attorney/Pro Se Name<br>JONATHAN REICH, PRO SE | Telephone Number<br>(917) 284-4632 | County of Venue<br>Middlesex |
|---|---|---|
| Firm Name (if applicable) | | Docket Number (when available) |
| Office Address<br>7210 136TH ST.<br>FLUSHING, NY 11367 | | Document Type<br>SUMMONS & COMPLAINT |
| | | Jury Demand  ■ Yes  ☐ No |

| Name of Party (e.g., John Doe, Plaintiff)<br>JONATHAN REICH, PLAINTIFF | Caption<br>JONATHAN REICH v.<br>MEIR SIMCHA COHEN, TELTECH SYSTEMS, & SPOOFCARD LLC |
|---|---|

| Case Type Number<br>(See reverse side for listing)<br>699 | Are sexual abuse claims alleged?<br>☐ Yes  ■ No | Is this a professional malpractice case?  ☐ Yes  ■ No<br>If you have checked "Yes," see *N.J.S.A.* 2A:53A-27 and applicable case law regarding your obligation to file an affidavit of merit. |
|---|---|---|

| Related Cases Pending?<br>☐ Yes  ■ No | If "Yes," list docket numbers |
|---|---|

| Do you anticipate adding any parties<br>(arising out of same transaction or occurrence)?<br>■ Yes  ☐ No | Name of defendant's primary insurance company (if known)<br>☐ None<br>■ Unknown |
|---|---|

| **The Information Provided on This Form Cannot be Introduced into Evidence.** |
|---|

Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation

| Do parties have a current, past or recurrent relationship?<br>■ Yes  ☐ No | If "Yes," is that relationship:<br>☐ Employer/Employee  ☐ Friend/Neighbor  ■ Other (explain)<br>☐ Familial  ☐ Business  TELECOM SERVICE PROVIDER/CLIENT |
|---|---|

| Does the statute governing this case provide for payment of fees by the losing party?  ■ Yes  ☐ No |
|---|

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition

| Do you or your client need any disability accommodations?<br>☐ Yes  ■ No | If yes, please identify the requested accommodation: |
|---|---|
| Will an interpreter be needed?<br>☐ Yes  ■ No | If yes, for what language? |

**I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).**

Attorney Signature: _[signature]_   Dated: 10/12/2021



**Side 2**

# Civil Case Information Statement
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

## Track I - 150 days discovery

| | | | |
|---|---|---|---|
| 151 | Name Change | 506 | PIP Coverage |
| 175 | Forfeiture | 510 | UM or UIM Claim (coverage issues only) |
| 302 | Tenancy | 511 | Action on Negotiable Instrument |
| 399 | Real Property (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) | 512 | Lemon Law |
| | | 801 | Summary Action |
| 502 | Book Account (debt collection matters only) | 802 | Open Public Records Act (summary action) |
| 505 | Other Insurance Claim (including declaratory judgment actions) | 999 | Other (briefly describe nature of action) |

## Track II - 300 days discovery

| | | | |
|---|---|---|---|
| 305 | Construction | 603Y | Auto Negligence – Personal Injury (verbal threshold) |
| 509 | Employment (other than Conscientious Employees Protection Act (CEPA) or Law Against Discrimination (LAD)) | 605 | Personal Injury |
| | | 610 | Auto Negligence – Property Damage |
| 599 | Contract/Commercial Transaction | 621 | UM or UIM Claim (includes bodily injury) |
| 603N | Auto Negligence – Personal Injury (non-verbal threshold) | 699 | Tort – Other |

## Track III - 450 days discovery

| | | | |
|---|---|---|---|
| 005 | Civil Rights | 608 | Toxic Tort |
| 301 | Condemnation | 609 | Defamation |
| 602 | Assault and Battery | 616 | Whistleblower / Conscientious Employee Protection Act (CEPA) Cases |
| 604 | Medical Malpractice | | |
| 606 | Product Liability | 617 | Inverse Condemnation |
| 607 | Professional Malpractice | 618 | Law Against Discrimination (LAD) Cases |

## Track IV - Active Case Management by Individual Judge / 450 days discovery

| | | | |
|---|---|---|---|
| 156 | Environmental/Environmental Coverage Litigation | 514 | Insurance Fraud |
| 303 | Mt. Laurel | 620 | False Claims Act |
| 508 | Complex Commercial | 701 | Actions in Lieu of Prerogative Writs |
| 513 | Complex Construction | | |

## Multicounty Litigation (Track IV)

| | | | |
|---|---|---|---|
| 271 | Accutane/Isotretinoin | 601 | Asbestos |
| 274 | Risperdal/Seroquel/Zyprexa | 623 | Propecia |
| 281 | Bristol-Myers Squibb Environmental | 624 | Stryker LFIT CoCr V40 Femoral Heads |
| 282 | Fosamax | 625 | Firefighter Hearing Loss Litigation |
| 285 | Stryker Trident Hip Implants | 626 | Abilify |
| 286 | Levaquin | 627 | Physiomesh Flexible Composite Mesh |
| 289 | Reglan | 628 | Taxotere/Docetaxel |
| 291 | Pelvic Mesh/Gynecare | 629 | Zostavax |
| 292 | Pelvic Mesh/Bard | 630 | Proceed Mesh/Patch |
| 293 | DePuy ASR Hip Implant Litigation | 631 | Proton-Pump Inhibitors |
| 295 | AlloDerm Regenerative Tissue Matrix | 632 | HealthPlus Surgery Center |
| 296 | Stryker Rejuvenate/ABG II Modular Hip Stem Components | 633 | Prolene Hernia System Mesh |
| 297 | Mirena Contraceptive Device | 634 | Allergan Biocell Textured Breast Implants |
| 299 | Olmesartan Medoxomil Medications/Benicar | | |
| 300 | Talc-Based Body Powders | | |

**If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.**

**Please check off each applicable category** ☐ Putative Class Action    ☐ Title 59    ■ Consumer Fraud

Revised Form Promulgated by 12/23/2020 Notice to the Bar, CN 10517 (Appendix XII-B1)